UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YVONNE YA-WEN FENG,
Plaintiff,

v.

CARL LEE, et al.,
Defendants.

Case No. 26-cv-06411-LJC

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

**ORDER DISMISSING COMPLAINT WITH PREJUDICE**

Re: Dkt. Nos. 1, 2

## I. INTRODUCTION

Plaintiff Yvonne Ya-Wen Feng (Feng), pro se, brings this action against Defendants Carl Lee, Angelina Chang, and Federal Bureau of Investigation agents in their individual capacity (Defendants). Feng has applied to proceed in forma pauperis (IFP), meaning that she seeks an order excusing her from paying the filing fee and certain other costs because she cannot afford to pay them. Finding that Feng "cannot pay the court costs and still afford the necessities of life," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015), the Court **GRANTS** Feng's IFP application

The Court now reviews the sufficiency of Feng's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, the Court finds that the Complaint should not be served on Defendants. Because amendment would be futile the Complaint is **DISMISSED WITHOUT LEAVE TO AMEND** under 28 U.S.C. § 1915(e)(2)(B)(i).

## II. ALLEGATIONS OF THE COMPLAINT

Feng seeks compensatory, punitive, and nominal damages, injunctive and declaratory relief, restoration of Feng's rights, reparations and restitution, and other relief. ECF No. 1 at 6–7. Feng claims the Court has that federal question subject matter jurisdiction based on claims arising

United States District Court
Northern District of California

under 18 U.S. §§ 1961–68, 42 U.S.C. § 1983 (for alleged violations under the First, Fourth, Fifth, and Eighth amendments). *Id.* at 7. Feng also claims that supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, is proper with regards to California state claims for libel and slander.

**A. First Cause of Action: Violations of Eighth Amendment / Bivens Action.**

Feng claims that a "group of unknown FBI agents" shot her with radiation, defamed her, broke into her house, poisoned her, and influenced her eviction attorney to sabotage and cause her neighbors to verbally attack her. *Id.* at 5. Feng alleges that this violated her constitutional rights under color of law, including RICO violations, and gives rise to a *Bivens* action. *Id.*

**B. Second Cause of Action: Civil Conspiracy to Violate Civil Rights**

Feng alleges that Defendant Carl Lee assisted or collaborated with unknown FBI agents to access electrical panels, offered an "extra electric outlet" to allow the setup of radiation devices in the ceiling to harm her, provided filthy living conditions as punishment, and conspired to evict her under the FBI's direction. *Id.* at 5–6.

**C. "Factual" Allegations**

The following are just a few examples of the so-called "factual" allegations[1] in the Complaint.

- "Someone defame me a mental illness and my invention is a delusion, set me up a fraudulent investigation in FBI." *Id.* at 2.
- "This action is one of enormous cases these FBI mobs using other people collaborate with or attacking me.
- "Every day, FBI mobs using radiations to shoot or radiation me day and night. Especially at night while I am asleep." *Id.* at 3.
- "Break into my room stolen things and evidences, destroy appliances, computes and phones, inject toxic chemicals or put in foods to poison me etc." *Id.*
- "When I first met [Mr. Lee] and I told him I have troubles with FBI mobs and I showed him all the wounds and scars all over my body from radiation. He responded 'they are

[1] Citations to the complaint are quoted verbatim, without correction to typographical errors or mistakes.

United States District Court
Northern District of California

here!'" *Id.*

- "[Mr. Lee] knew my situations and FBI are in the building, see all the things happened. He did nothing to help."
- "I tried to use extension core with different sources of electricity, and lock out the power to the unite I live, to stop power connect to radiation devices set inside my ceiling." *Id.*
- "Instead, Mr. Lee lock out me from access to the electricity switch panel and given full access to FBI mob uses, and complained my extension core." *Id.*
- "[Mr. Lee] also requests me to remove the Alumina Foil from door and windows which I used to protect and stop the radiation pass through. He also set up extra electricity outlet in hallway for FBI mob to use hand hold devices around me unite from outside of the door and window every day and night." *Id.*
- [Mr. Lee] always on the neighbor's side when they are attacking me in verbal 'stinky,' and put garbage's cockroaches, or lice's in my room. He knew these FBI made these neighbors attacking me." *Id.*
- "Instead of help me, [Mr. Lee] requested me to move out and offer some money to move, so the building can stay in Homonym." *Id.*
- "Soon after, the hallway, garbage cans, toilet and recycle bins are full, nobody came to clean or empty." *Id.* at 3–4.
- "Mr. Lee did not want rent in check because he worried if I am killed in his building, someone may after him for where is my body or I stayed. . . . I may be disappeared of delusion because mental illness. . . . Mr. Lee is fully aware of FBI criminal activities, I don't think he is voluntary help them, but is under FBI's order to assistant thee cribes." *Id.* at 4.

## III. LEGAL STANDARD

When a plaintiff is granted leave to proceed in forma pauperis, the Court is then required to evaluate the sufficiency of the plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). That statute provides in relevant part that after granting permission to proceed in forma pauperis, a court "shall

United States District Court
Northern District of California

dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the complaint has been filed by a self-represented plaintiff, a court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). But "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice," and a court need not credit "legal conclusions" or "mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). In order to state a claim on which relief may be granted, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, the Complaint needs to include facts, not just the type of legal claim the plaintiff asserts.

In assessing whether a complaint is "frivolous" under § 1915, the Court may also consider whether "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). A complaint is frivolous only if it contains "inarguable legal conclusion[s]" or "fanciful factual allegations." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (internal citation omitted).

Courts ordinarily must give self-represented plaintiffs leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984).

## IV. ANALYSIS

Feng's allegations in this case "rise to the level of the irrational or the wholly incredible," and so come within the definition of frivolous under the in forma pauperis statute. *Denton*, 504 U.S. at 33. In 2025, Judge Tigar dismissed similar claims brought by Feng in two other cases, concluding that Feng's claims were "too insubstantial to give rise to subject-matter jurisdiction." *Feng v. Tripp*, No. 24-cv07539-JST, ECF No. 36 at 4 (N.D. Cal. June 6, 2025); *accord Feng v.*

*Alta Bates Summit Med. Ctr.*, No. 25-cv-06598-JST, ECF No. 20 at 4 (N.D. Cal. Oct. 10, 2025). Earlier this year, Judge Breyer also adopted a Report and Recommendation by Magistrate Judge Tse that dismissed a complaint by Feng with similarly incoherent claims. *Feng v. Formal FBI Christopher Wray, et al.*, No. 3:26-cv-06032-CRB, ECF Nos. 8, 16.

Even construing the pleadings liberally and affording Feng the benefit of the doubt, *Hebbe*, 627 F.3d at 342, the Complaint nonetheless fails to fails to state a claim on which relief may be granted because the "[t]hreadbare recitals of the elements of a cause of action" therein "do not suffice," and the Court need not credit "legal conclusions" or "mere conclusory statements." *See Ashcroft*, 556 U.S. at 678–79 (2009). Indeed, it is difficult to track even what causes of action Feng intended to bring because the entire Complaint consists of threadbare legal conclusions and conclusory statements. This is not "enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. The Complaint must be dismissed for failure to state a claim because the "facial plausibility" of the complaint does not—and cannot—allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Nor do the exhibits attached to the complaint support Feng's implausible allegations. Rather, the documents show only that Feng fell behind on rent payments, allowed the leased property to fall into disrepair, and was subsequently subjected to eviction proceedings. They do not support even the smallest inference that the FBI conspired with Lee Ming Building LLC to conduct harmful operations against Feng. It appears that Feng may be undergoing a tragic mental health crisis. While the Court hopes that Feng receives the mental health assessment and resources she needs, the Court must dismiss the complaint with prejudice because the relief sought in the Complaint is entirely unsupported by the "factual" allegations and leave to amend would be futile.

//

//

//

//

United States District Court
Northern District of California

## V. CONCLUSION

For the reasons discussed above, Feng's Complaint is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i). The case management conference previously set for September 24, 2026 is **VACATED**.

**IT IS SO ORDERED.**

Dated: September 22, 2026

LISA J. CISNEROS
United States Magistrate Judge